UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ANTHONY KERN,

          Petitioner,           Case No. 07-50104

v.           District Judge David M. Lawson
          Magistrate Judge R. Steven Whalen

COMMISSIONER OF INTERNAL
REVENUE, et al.,

          Respondents.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Petitioner's February 6, 2007 *Petition to Quash Summons* [Docket #1] and Respondent United States of America's *Motion for Summary Denial of Petition To Quash Summons and for Enforcement of IRS Summons* [Docket #6], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, the Court recommends that the Petition to Quash be DENIED and that Respondent's Motion for Summary Denial of the Petition and for Enforcement of the Summons be GRANTED.

### I. BACKGROUND FACTS

On January 19, 2007, Special Agent Jon Lawnicak of the Criminal Investigations Division for the Internal Revenue Service issued an administrative summons to Wink Tax Services as part of an ongoing investigation of Petitioner's taxable income for the tax years

-1-

2003, 2004, and 2005, for the purpose of determining whether Petitioner committed any offense connected with the administration or enforcement of internal revenue laws. *Docket #6*, Exhibit 2 at ¶¶1-3.

On February 6, 2007, Petitioner filed the present suit against the United States of America, Derrick Winke, and Wink tax Services, seeking to quash the summons, contending that Respondent United States has demonstrated bad faith as well as a failure adhere to the statutory requirements in issuing the summons. *Docket #1*.

## II. RELEVANT LAW

26 U.S.C. § 7602(a) states in pertinent part:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

§ 7602(a) identifies four separate investigatory purposes which would support the

issuance of an administrative summons: (1) to determine the correctness of any return, (2) making a return where none was made, (3) determining a person's liability "for any internal revenue tax," and (4) collecting such liability. In addition, the information sought must be "relevant or material" to one of these investigatory purposes. *Scotty's Contracting and Stone, Inc. v. U.S.,* 326 F.3d 785, 787 (6th Cir. 2003); *Calamari v. U.S.,* 2003 WL 345852 *1 -2 (E.D.Mich.,2003).

A 1982 congressional amendment also provides that "the IRS may issue summonses for 'the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.'" *Scotty's, supra,* 326 F.3d at 788; 26 U.S.C. § 7602(b). Under "the plain language of the statute, the IRS's authority to issue summonses for the purpose of investigating any [criminal] offense relating to the tax code is extinguished only when the investigation is referred to the Department of Justice." *Scotty's at 788*; 26 U.S.C. § 7602(d)(1).

Taxpayers may challenge administrative summonses by the IRS served upon third party record keepers. *Rae v. U.S.,* 2005 WL 2715454, *2 (E.D.Mich. 2005);26 U.S.C. §§ 7609(b)(2) and (a)(3). However, pursuant to *U.S. v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964), the court will uphold a prima facie case for enforcement of a § 7602 summons, established by a showing that "(1) the investigation has a legitimate purpose; (2) the summoned materials are relevant to that investigation; (3) the information sought is not already within the IRS's possession; and (4) the IRS has followed the procedural steps outlined in 26 U.S.C. § 7603." *Calamari, supra* at 2. Typically, the

government makes its prima facie showing through submission of an affidavit of the investigating agent who issued the summons. *U.S. v. Will,* 671 F.2d 963, 966 (6th Cir. 1982). *See also Cook v. U.S.,* 104 F.3d 886, 889 (6th Cir. 1997).

Once the government makes that showing, the burden shifts to the taxpayer to show that enforcement of the summons would be an abuse of the court's process. *United States v. Will*, *supra,* 671 F.2d at 966. The taxpayer can then rebut the government's prima facie case by refuting one of the *Powell* factors, *Mazurek v. United States*, 271 F.3d 226, 230-31 (5th Cir. 2001), or by showing that "the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58.

### III. ANALYSIS

Petitioner argues that the summons in question should be quashed on the basis that Respondent United States of America is pursuing an exclusively criminal investigation, and contends further that the summons is impermissibly overbroad and issued in bad faith. *Id.* at ¶4F. In addition, he argues that his due process rights were violated by the fact he did not receive advance notice of the summons. *Id*. at ¶4G. Petitioner also contends that Respondent flouted various statutory procedural requirements when issuing the summons. *Id.* He requests that in the alternative to quashing the summons, the Court bar Respondent from using information obtained from the summons in a criminal case. *Id.* at ¶8.

#### A. The Government Has Made a Prima Facie Case For Enforcement

Agent Jon Lawniczak's April 9, 2007 declaration contains the elements of a prima facie case for enforcement of the summons. First, the declaration states that the summons is "for the purpose of determining whether Petitioner committed any offense connected with administration or enforcement of the internal revenue law." *Docket #6*, Exhibit 2 at ¶2. This is a legitimate purpose under §7602(b). Next, Respondent has stated that the summoned materials, including bank statements, canceled checks, and financial statements are not only relevant, but necessary in determining Petitioner's taxable income and "corresponding tax liability for the years 2003, 2004, and 2005" and whether Petitioners have complied with tax laws. *Id.* at ¶11. Lawniczak's declaration further states that the summons issued to Wink Tax Services is not currently "within the possession of the Internal Revenue Service." *Id.* at ¶10. Finally, Lawniczak's declaration states that he has adhered to the procedural steps in issuing the summons needed to establish a prima facie case under 26 U.S.C. § 7603,[1] further stating that he sent Petitioner a copy of the summons "by certified or registered mail to his

---

[1] 26 U.S.C. § 7603 states in pertinent part:

"A summons issued under section . . .7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty."

last known address," although not required in the course of a criminal investigation.[2] *Id*. at ¶¶4-5.

### B. Petitioners Have Failed To Demonstrate Bad Faith or Due Process Violations

The Petition to Quash is premised on the theory that Respondent's acknowledgment that it is pursuing an exclusively criminal investigation is irrefutable evidence of bad faith. Docket #1, ¶4B. Citing *U.S. v. LaSalle Nat. Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), Petitioner contends further that the IRS has already made an "institutional commitment" to refer this case to the Justice Department. *Id*. at ¶4A.

Petitioner's analysis is erroneous. First, in response to the *LaSalle National Bank* decision, Congress amended to the Income Tax Code in 1982 to provide that the IRS may issue summonses for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b). The authority of the IRS to issue a summons for the purpose of a criminal investigation ends only

---

[2]26 U.S.C. § 7609 (a)(1) states in pertinent part that the taxpayer at issue in the summons must be notified "within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." The notice to Petitioner indicates that it was mailed on January 22, 2007 which is within 23 days of the proposed February 13, 2007, summons date. *Docket #6*, Exhibit 1. However, §7609(c)(2)(E)(i) states that the section does not apply to a summons "issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws." §7602(c)(3)(C) also indicates that the notice requirement is not applicable to "any pending criminal investigation." Thus, Petitioner's argument regarding notice fails both as a matter of fact and a matter of law.

when the investigation is referred to the Justice Department. 26 U.S.C. §7602(d)(1). In *Scotty's Contracting and Stone, supra*, 326 F.3d at 788, the Sixth Circuit validated the IRS's authority to issue a summons for purposes of investigating a criminal offense:

> "Because § 7602 now grants the IRS the authority to issue summonses for the purpose of investigating 'any offense' relating to the tax code, we conclude that the IRS may validly issue summonses for the purpose of investigating a criminal offense, even if that is the sole purpose for the summonses. According to the plain language of the statute, the IRS's authority to issue summonses for the purpose of investigating any offense relating to the tax code is extinguished only when the investigation is referred to the Department of Justice."

Secondly, Petitioner has not provided any information, beyond his own suspicions, to rebut Agent Lawniczak's declaration that "[t]he Internal Revenue Service has not made any recommendation for either a grand jury investigation or criminal prosecution to the Department of Justice." The argument that the IRS has made and "institutional commitment" to do so is not only speculative, but irrelevant under §7602(d)(1): either there has been a referral to the Justice Department or there has not. In this case, there has not. Therefore, the summons was issued for a valid purpose under the statute, and may not be quashed simply because that purpose was investigation of possible criminal offenses. Nor has Petitioner demonstrated any other examples of bad faith by Respondents that would justify quashing the administrative summons.

Likewise, Petitioner has failed to establish that the summons amounts to a violation of his due process rights. Although Petitioner cites *Schultz v. I.R.S.* 413 F.3d 297 (2nd Cir. 2005) to support this view, in fact, *Schultz* pertains to due process rights only to the extent

that "disobedience to an IRS summons has no penal consequences until a judge has ordered its enforcement" *Id.* at 301-302 (internal citations omitted). It has no application to the present case. To the extent that Petitioner bases his due process claim on the alleged lack of prior notice (although he did, in fact, receive notice), that argument fails, since he is not entitled to notice under the applicable statutes. *See* footnote 2, *supra*.

### C. The Court Cannot Bar Evidence Obtained Through the Summons From Use in a Criminal Case

Last, Petitioner requests the alternative relief of barring evidence procured by summons from use in any prospective criminal case. *Docket #1* at ¶14. This Court cannot consider, much less grant a motion to suppress evidence in criminal case that has not even been filed. Even if it could, as discussed above, Petitioner has at this point made no showing of bad faith or procedural inadequacies in the issuance of this summons that would support the relief he requests.

### IV. CONCLUSION

I recommend that the Petition to Quash [Docket #1] be DENIED and that Respondent's Motion for Summary Denial of the Petition and for Enforcement of the Summons [Docket #6] be GRANTED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this MagistrateJudge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained

S/R.  Steven Whalen  
R.  STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated:  July 10, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 10, 2007.

s/G. Wilson
Judicial Assistant