UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ANTHONY KERN,

                    Petitioner,                              Case Number 07-50104
v.                                                           Honorable David M. Lawson
                                                             Magistrate Judge R. Steven Whalen

INTERNAL REVENUE SERVICE,
DERRICK WINKE, and WINK TAX
SERVICES,

                    Respondents,

and

STEVEN ANTHONY KERN,

                    Petitioner,                              Case Number 07-50302
                                                             Honorable David M. Lawson

v.

UNITED STATES OF AMERICA, STANDARD
FEDERAL BANK LASALLE MIDWEST, and
CITIZENS BANK LEGAL SERVICES,

                    Respondents.
_____/

**ORDER OVERRULING PETITIONER'S OBJECTIONS TO REPORT AND
RECOMMENDATION, ADOPTING THE MAGISTRATE JUDGES'S REPORT AND
RECOMMENDATION, GRANTING THE GOVERNMENT'S MOTIONS TO
SUMMARILY DENY THE PETITIONS TO QUASH THE SUMMONSES, DENYING
AND DISMISSING THE PETITIONS TO QUASH SUMMONSES, AND ORDERING
WINK TAX SERVICES, LASALLE BANK, AND CITIZENS BANK TO PRODUCE
DOCUMENTS**

        The Internal Revenue Service has undertaken an investigation to determine whether

petitioner Steven Anthony Kern has violated the internal revenue laws with respect to his income

tax obligations for years 2003, 2004, and 2005.  As part of that investigation, an IRS investigator

issued summonses to third-party record keepers for copies of certain documents and records relating

to petitioner Kern's assets and income.  Kern responded by filing two separate petitions to quash the

summonses.  The Court referred the action to quash the summons issues to Wink Tax Services to

Magistrate Judge R. Steven Whalen to conduct all pretrial matters.  Thereafter, the government filed

a motion to summarily deny the petition and enforce the summons.  Judge Whalen filed a report

recommending that the government's motion be granted.  The petitioner filed timely objections and

the matter is before the Court for *de novo* review.

The Court now has consolidated the petitioner's other case (addressing summonses issued

to Lasalle Bank Midwest and Citizens Bank) with the present matter because the grounds asserted

by the petitioner for quashing the respective summonses are identical.  The government seeks

summary denial of the second petition and enforcement of the other summonses as well.

After reviewing the magistrate judge's report, petitioner's objections, and the motion papers,

the Court concludes that the petitions lack merit and must be denied.  Therefore, the Court will

overrule the petitioner's objections, adopt the report and recommendation, deny the petitions, and

order enforcement of the summons.

I.

The facts are set out in the magistrate judge's report; neither party objects to that summary,

and the Court adopts it.

> On January 19, 2007, Special Agent Jon Lawnic[z]ak of the Criminal Investigations Division for the Internal Revenue Service issued an administrative summons to Wink Tax Services as part of an ongoing investigation of Petitioner's taxable income for the tax years 2003, 2004, and 2005, for the purpose of determining whether Petitioner committed any offense connected with the administration or enforcement of internal revenue laws.  Docket #6, Exhibit 2 at ¶¶1-3.
> On February 6, 2007, Petitioner filed the present suit against the United States of America, Derrick Winke, and Wink tax Services, seeking to quash the summons, contending that Respondent United States has demonstrated bad faith as

-2-

well as a failure adhere to the statutory requirements in issuing the summons. Docket #1.

Rep. & Rec. at 1-2

On March 23, 2007, Agent Lawnizcak issued administrative summonses to Lasalle Bank and Citizens Bank seeking the petitioner's account records for the years 2003, 2004, and 2005. The purpose of the summonses likewise was to determine whether the petitioner committed an offense relating to the administration or enforcement of internal revenue laws.

On April 10, 2007, the petitioner filed his lawsuit against the United States of America, Lasalle Bank and Citizens Bank seeking to quash the summonses and contending that respondent United States has demonstrated bad faith as well as failed to adhere to the statutory requirements in issuing the summonses.

Agent Lawnizcak has filed a declaration averring that he issued the summonses "for the purpose of determining whether the petitioner committed any offense connected with administration or enforcement of the internal revenue law." Docket #16, Exhibit C at ¶ 2. He also stated that the materials sought, including bank statements, canceled checks, and financial statements, are necessary to determine the petitioner's taxable income and "corresponding tax liability for the years 2003, 2004, and 2005" and whether the petitioner has complied with tax laws. *Id.* at ¶ 9. Agent Lawniczak asserted that the information is not currently "within the possession of the Internal Revenue Service." *Id.* at ¶ 8. Finally, the declaration states that Agent Lawniczak has complied with the procedural requirements for issuing the summonses, which includes providing the petitioner a copy of the summonses "by certified or registered mail to his last known address." *Id.* at ¶¶ 4-5.

The petitioner alleges that the summonses are invalid because the IRS has already made a decision to prosecute him and using summonses to gather evidence for a criminal case is improper. He also contends that he did not receive proper notice in advance of service of the summons on his accountant and his banks. He says the IRS failed to comply with other procedural requirements as well. Kern asks the Court to quash the summonses, or alternatively bar the government from using the evidence gathered in any subsequent criminal proceeding.

The government contends that Kern's petitions have no merit because the IRS has established a *prima facie* case that the summons are valid and the petitioner has not offered evidence to rebut that showing. Magistrate Judge Whalen agreed. He concluded that 26 U.S.C. § 7602(b) allows the use of summonses to investigate possible criminal violations of the Internal Revenue Code, the requested documents and materials were relevant and necessary to the investigation, and the IRS was not currently in possession of those items. Judge Whalen determined that proper notice was given to the petitioner, although he suggested that advance notice of a summons is not required in a criminal investigation. The magistrate judge also concluded that the petitioners bad faith argument was without merit. He reasoned that the respondent's acknowledgment that it is pursuing an exclusively criminal investigation did not amount to irrefutable evidence of bad faith, because Congress granted the IRS authority to issue a summons solely for the purpose of a criminal investigation when it amended 26 U.S.C. § 7602(b) in 1982. Finally, the magistrate judge concluded that the petitioner's due process rights were not violated because petitioner received notice despite his lack of entitlement to notice under the applicable statutes.

The petitioner raises three very general and terse objections, which are stated in full here:

1. Petitioner is entitled to discovery.

2.  IRS is clearly going to prosecute petitioner and is making false statements to the court.

3.  Petitioner disagrees with content and report and recommendation of Magistrate Judge R. Steven Whalen.

Pet.'s Obj. at 1.  The petitioner provides no further discussion or analysis.

## II.

Objections to a report and recommendation are reviewed *de novo*.  28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995).  "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

*Pro se* litigants "enjoy the benefit of a liberal construction of [their] pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  But "*pro se* plaintiffs are not automatically entitled to take every case to trial . . . [and] the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  "A *pro se* [pleading] must still meet a minimum standard of what a pleading must entail."  *Buesgens v. Brown*, 567 F. Supp. 2d  26, 29 (D.D.C. 2008).  The plaintiff must still "state with particularity the grounds" for his objection.  Fed. R. Civ. P. 7(b)(1)(B).  A conclusion without facts alleged to support it is insufficient. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 379 (7th Cir. 1988).

As a general rule, when conducting a tax investigation, the IRS is authorized to examine any relevant documentation and summon any third-party record keeper in possession of relevant information or documents. *Beck v. United States*, 60 F. App'x 551, 552 (6th Cir. 2003).  The term

"third-party record keeper" is defined very broadly and includes, among others, accountants and financial institutions. *See* 26 U.S.C. § 7603(b)(2).

When the enforceability of an administrative summons is challenged, the government must first establish a *prima facie* case, after which the taxpayer must advance grounds showing the invalidity of the summons. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The elements of a *prima facie* case are that: (1) the summons was issued for a permissible purpose; (2) the information sought is relevant; (3) the IRS does not already have the requested information in its possession; (4) the administrative steps required by United States Code have been followed. *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996).

An administrative summons must be issued in good faith and for one of the congressionally-authorized purposes set forth in 26 U.S.C § 7602. *United States. v. LaSalle Nat. Bank*, 437 U.S. 298, 318 (1978). "[T]he purpose of the good-faith inquiry is to determine whether the agency is honestly pursuing the goals of § 7602 by issuing the summons." *Id.* at 316. The proper purposes include "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax," and "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(a), (b). A summons may be quashed if it was issued as an abuse of process, "such as to harass the taxpayer or to put pressure on him to settle a collateral dispute." *Doe v. United States*, 253 F.3d 256 (6th Cir. 2001) (citing *Powell*, 379 U.S. at 58).

The good-faith showing generally is made by the declaration of the agent who issued the summons and who is seeking enforcement. *United States v. McCarthy*, 514 F.2d 368, 372 (3d Cir. 1975). "Once this showing is made, the burden shifts to the taxpayer to demonstrate that

enforcement of the summons would be an abuse of the court's process." *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982).

The thrust of the petitioner's argument that the summons is invalid rests upon his belief that his criminal prosecution is inevitable. That may be true eventually, but it does not invalidate the administrative summons. In *United States v. LaSalle Nat. Bank*, 437 U.S. 298 (1978), the Supreme Court held that the IRS cannot use an administrative summons to gather information about a taxpayer when the Service has made an institutional commitment to prosecute. However, in 1982, Congress amended section 7602 of the Internal Revenue Code to make specific reference to the use of summonses in criminal investigations. The limitation described by the *LaSalle* court survives only in that the summons authority ceases when the IRS makes a prosecution referral to the Justice Department. *See Scotty's Contracting and Stone, Inc. v. United States,* 326 F.3d 785, 788 (6th Cir. 2003) ("Because § 7602 now grants the IRS the authority to issue summonses for the purpose of investigating 'any offense' relating to the tax code, we conclude that the IRS may validly issue summonses for the purpose of investigating a criminal offense, even if that is the sole purpose for the summonses."). "[T]he IRS may issue a summons [in a criminal investigation] regardless of the actual motives of the individual agent, as long as there has been no 'institutional commitment' to criminal prosecution, i.e., *as long as the matter has not been referred to the Justice Department.*" *United States v. Acklen*, 690 F.2d 70, 74 (6th Cir. 1982) (emphasis added).

In this case, agent Lawniczak averred in his declaration that there has been no prosecution referral, and the petitioner has rebutted this assertion only with his unadorned suspicion. Even if agent Lawniczak's ultimate intention is to seek prosecution, use of the summons at this stage of his investigation is permitted by the section 7602.

The petitioner's notice argument does not find support in the current legislation.  Section 7602(c), which governs the notice requirements when IRS investigators intend to contact third parties, provides generally that  an agent must "provid[e] reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made."  26 U.S.C. § 7602(c)(1).  However, the statute specifically states that this requirement "shall not apply . . . with respect to any pending criminal investigation."  26 U.S.C. § 7602(c)(3)(C).  No advance notice to Kern was required before agent Lawniczak served summonses on Wink Tax Services, LaSalle Bank, or Citizens Bank.  *See Boyd v. United States*, 87 F. App'x 481, 483 (6th Cir. 2003).  Moreover, the petitioner actually received advance notice even though he was not entitled to it.  Agent Lawniczak stated in his declaration that notices to the petitioner were mailed on March 23, 2007, which was well in advance of the proposed April 17, 2007 summons return date.

Finally, the Supreme Court has noted that there is no requirement that a petitioner have a full discovery opportunity in a summons proceeding.  *United States v. Stuart*, 489 U.S. 353, 369 (1989).  Allowing full opportunities for discovery would contravene the purpose of a summons enforcement proceeding, which is summary in nature.  *Ibid.* (citing the legislative history of I.R.C. § 7602(c)).  "Rather, the use of discovery devices in summons enforcement proceedings should be limited to those cases where the taxpayer makes a preliminary and substantial demonstration of abuse."  *Will,* 671 F.2d at 968 (citing *United States v. Moon*, 616 F.2d 1043, 1047 (8th Cir. 1980)).   Kern has made no such showing here.


III.

The Court finds that the magistrate judge accurately applied the applicable law and reached the correct result with respect to the government's motion to summarily dismiss the petition to quash the summons issued to Wink Tax Services. The Court reaches the same result on the government's similar motion to deny the petition directed to the summonses issued to LaSalle and Citizens Banks. The petitioner's bare-bones objection to the magistrate judge's report and recommendation have no merit. The petitioner has offered no reason why the summonses should not be enforced.

Accordingly. it is **ORDERED** that the petitioner's objections to the report and recommendation [Case No. 07-50104, dkt. #11] are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [Case No. 07-50104, dkt. #10] is **ADOPTED**.

It is further **ORDERED** that the government's motions to summarily deny the petitions to quash the summonses [Case No. 07-50104, dkt. #6; Case No. 07-50302, dkt. #16] are **GRANTED**.

It is further **ORDERED** that the petitions to quash the summonses are **DENIED** and the same are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Wink Tax Services, LaSalle Bank, and Citizens Bank shall produce to Special Agent Jon Lawniczak of the Criminal Investigations Division of the Internal Revenue Service the documents listed in the respective summonses **on or before April 27, 2011**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 18, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 18, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL